FENG SHIH,

    Petitioner,

vs.

CIVIL ACTION NO.: CV209-152

ANTHONY HAYNES, Warden

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Feng Shih ("Shih"), who is currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Shih's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Shih was convicted in the District Court for the Northern District of Georgia for conspiring to bring in and harbor aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Shih was sentenced to 60 months' imprisonment, followed by three (3) years' supervised release. (Doc. No. 8-1, p. 2).

In his petition, Shih asserts he suffered from several medical conditions prior to his incarceration. Shih contends that he has filed administrative remedies with Respondent to address the necessity of receiving specialized care or to be transferred to a Bureau of Prisons' ("BOP") medical facility or to home confinement. Shih requests

that Respondent show cause why he should not be transferred to a medical facility or to home confinement.

Respondent alleges that this Court does not have jurisdiction to entertain Shih's claims of inadequate medical care. Respondent also alleges that, even if this Court did have jurisdiction over Shih's claims, he did not exhaust his available administrative remedies prior to filing this suit. Respondent further alleges that Shih's request to be transferred to a BOP medical facility or to home confinement is not cognizable in this Court.

## DISCUSSION AND CITATION TO AUTHORITY

Shih contends that his administrative remedies in which he requested a transfer to a BOP medical facility or to home confinement have been categorically denied. Shih alleges that he was sentenced to a term of imprisonment which did not include being subjected to negligent medical treatment for his coronary heart disease, hypertension displipidemia, and glaucoma. (Doc. No. 1, p. 2). Shih asserts that Respondent is constitutionally required to provide him with reasonably adequate medical care. Shih also asserts that the Fifth, Eighth, and Fourteenth Amendments "are sufficient legal bases upon which Respondent" can grant his "requested minuscule relief[.]" (Id. at 3).

Respondent avers that Shih's claims of inadequate medical care and treatment are not cognizable in a habeas corpus petition. Respondent contends that Shih's claims challenge the conditions of his confinement, not the fact or duration of his term of imprisonment.

A writ of habeas corpus is the means by which a prisoner may challenge the legality or duration of his confinement. Gomez v. United States, 899 F.2d 1124, 1126-

AO 72A
(Rev. 8/82)

27 (11th Cir. 1990) (internal citations omitted). As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical treatment, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

This Court has looked beyond the terminology which Shih used in his petition, and it appears that his contentions are based upon an alleged civil rights violation. Shih's contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by federal actors. Thus, Shih's claims that he has been subjected to inadequate and/or negligent medical care and treatment are not cognizable under section 2241. Should Shih wish to

AO 72A
(Rev. 8/82)

pursue his claims that he has been denied proper medical care and treatment, he may do so by filing a cause of action pursuant to section 1331 and Bivens.[1]

It is unnecessary to address the remaining contentions Respondent set forth in his Response.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Shih's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Shih arguably sets forth claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq..

4